SEYFARTH SHAW LLP
Ritika Singh, *Admitted Pro Hac Vice*
risingh@seyfarth.com
2323 Ross Avenue, Suite 1660
Dallas, Texas  75201
Telephone:  (469) 608-6763

TAFT STETTINIUS & HOLLISTER LLP
Craig A. Morgan
cmorgan@taftlaw.com
Jake T. Rapp
jrapp@taftlaw.com
2555 East Camelback Road
Suite 1050
Phoenix, Arizona 85016
Telephone:  (602) 240-3042
Facsimile:  (602) 240-6600

*Attorneys for Defendant*
*Equifax Information Services, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael Thomas Stram,<br><br>                Plaintiff,<br><br>v.<br><br>TransUnion LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc.,<br><br>                Defendants. | Case No. 2:26-cv-00231-SMB<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR JOINT MOTION FOR JUDGMENT ON THE PLEADINGS** |

        Defendants Equifax Information Services, LLC ("Equifax"), Trans Union LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian") ("collectively, the "CRA Defendants"), by their attorneys, respectfully submit this Reply in Support of their Joint Motion for Judgment on the Pleadings and state as follows:

        Plaintiff's Opposition to Defendants' Joint Motion for Judgment on the Pleadings (the "Opposition") does not cure the central defect in his First Amended Complaint ("FAC"), which is his failure to allege any factual inaccuracy in the information the CRA Defendants reported. Rather than identifying any factual error in the CRAs Defendants'

199802944v1
325214100v.4

reporting, Plaintiff simply re-states his misplaced arguments. In his Opposition, Plaintiff attempts to repackage discrepancies and unfavorable outcomes as "concrete inaccuracies." *See* ECF No. 51. Plaintiff's arguments rely on speculation, and disagreement with reporting outcomes—none of which state a claim as a matter of law. As such, Plaintiff's FAC must be dismissed with prejudice.

**A. The CRA Defendants' Reporting Was Factually Accurate.**

Plaintiff alleges that Experian added historical late payment indicators to a paid, closed account following a reinvestigation. But Plaintiff does not allege that the reported late payments were inaccurate or did not occur. Absent allegations that the information was inaccurate, Plaintiff's claim amounts to dissatisfaction with the presentation of accurate information, which is not actionable under §§ 1681e(b) or 1681i. Further, to the extent Plaintiff's allegations relate to disputes sent in or around January 2026, such events are not alleged in the FAC. Because it is improper for Plaintiff to use his Opposition to further amend the FAC, such allegations must be disregarded. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (finding that any "'new' allegations contained in the [plaintiffs'] opposition motion . . . [is] irrelevant for Rule 12(b)(6) purposes."); *Ranch Realty, Inc. v. DC Ranch Realty, LLC*, 614 F. Supp. 2d 983, 987 (D. Ariz. 2007) ("[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (quoting *Schneider*, 151 F.3d at 1197 n.1)); *Hyowon Elecs., Inc. v. Erom, Inc.*, No. 13-8378, 2014 U.S. Dist. LEXIS 190442, at *10 (C.D. Cal. May 15, 2014) ("Plaintiff cannot use the opposition to the motion as a means of amending the operative pleading.").

Next, Plaintiff claims that "[a] consumer cannot be 60 days delinquent when the two immediately preceding months show timely payment." *See* ECF No. 51, at p. 3. Plaintiff's allegations are simply insufficient to state a claim under the Fair Credit Reporting Act ("FCRA"). Critically, Plaintiff does not claim either payment was made on time, and instead, it is his (incorrect) subjective belief that a furnisher cannot report a payment that is 60 days past the due date, without first reporting a payment that is 30-days past the due

2

date. Credit information furnishers, like Fortiva and OpenSky, must enter the appropriate codes in the various fields when furnishing information to Consumer Reporting Agencies ("CRAs"). *See, e.g.*, *Sanchez v. JPMorgan Chase Bank NA*, 643 F. Supp. 3d 1025, 1031 (D. Ariz. 2022). Further, "[i]n determining whether technically correct information on a credit report is misleading, courts consider the credit report in its entirety rather than a single isolated field." *Ostrander v. Trans Union LLC*, No. CV 20-5227, 2021 WL 3271168, at *7 (E.D. Pa. July 30, 2021), *aff'd*, No. 21-2443, 2023 WL 12099330 (3d Cir. Jan. 4, 2023). Plaintiff does not rely on any authority to support his position beyond his incorrect belief that "no reasonable procedure should confirm a reporting sequence that is [purportedly] impossible on its face." *See* ECF No. 51, at p. 3. For instance, a furnisher may first reflect delinquency at 60 days past due without separately reporting a 30-day late status, provided the account remained delinquent during the preceding period, and such reporting does not render the tradeline inaccurate under the FCRA.

Furthermore, Plaintiff fails to address the CRA Defendants' argument that discrepancies among the CRAs' reporting do not constitute an inaccuracy under the FCRA. Therefore, any argument to the contrary is deemed abandoned. *See Montgomery v. Specialized Loan Servicing, LLC*, 772 F. App'x 476, 477 (9th Cir. 2019) ("The district court properly dismissed plaintiffs' remaining claims because plaintiffs failed to respond to the arguments raised in defendants' motion to dismiss these claims."); *see also Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (finding that where opposition to motion to dismiss failed to address arguments in motion to dismiss, plaintiff "effectively abandoned" the claim).

Instead, Plaintiff continues to voice his dissatisfaction in his Opposition as to why the Accounts should not appear as they currently are reporting on his credit file. *See* ECF No. 51, at pp. 3-4. As explained in the Motion, an allegation of inconsistency or discrepancy "among credit reports, standing alone, do[es] not permit an inference that any of the reports contains 'false or materially misleading' information." *Allen v. Experian Information Solutions, Inc. et al.*, No. 2:25-CV-00404-BLW, 2025 WL 3485873, at *3 (D.

3

Idaho Dec. 4, 2025). Plaintiff's reference to *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008) is misplaced as the case does not hold that cross-bureau discrepancies are *per se* inaccuracies. Here, Plaintiff has made no factual allegation suggesting that the CRA Defendants' reporting was inaccurate.

Accordingly, Plaintiff's FAC fails to set forth any required allegations of inaccuracies in the CRA Defendants' reporting, reinvestigation, or otherwise, and so stating, Plaintiff's claims against the CRA Defendants must fail.

**B.  The Allegations of Willful Noncompliance Remain Conclusory.**

Plaintiff's Opposition fails to correctly apply the *Safeco* standard for willful noncompliance with the FCRA, which requires showing that the defendants acted in an objectively unreasonable manner that created a risk of harm substantially greater than mere carelessness. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69-70 (2007). Rather than identify what allegations would support a plausible case for willful noncompliance, Plaintiff merely refers to purported information that is outside of his pleading. *See* ECF No. 51 at pp. 5-6. Without specific well-pled factual allegations demonstrating how each CRA Defendant's conduct was objectively unreasonable in light of clear statutory requirements or authoritative guidance *related to conduct involving Plaintiff*, the willfulness claims remain legally deficient.

**C.  The Motion Specifies Certain of Plaintiff's Claims Are Time-Barred by the Applicable Two-Year Statute of Limitations.**

In the Motion, the CRA Defendants specify that the filing of Plaintiff's original Complaint on December 22, 2025, puts any claims related to disputes made ***prior to December 22, 2023***, outside of the allowable time period to bring a claim under the FCRA. *See* ECF No. 49 (emphasis added). The CRA Defendants explain that any FCRA claims relating to disputes prior to December 22, 2023, are barred by the statute of limitations, do not state a claim upon which relief can be granted, and are therefore due to be dismissed. In his Response, Plaintiff offers no authority supporting his position that the "claims are not based solely on his disputes," and instead, diverts the Court's attention to violations

4

that extend into 2025 and 2026, which have not been alleged in the FAC. *See* ECF No. 51 at p. 5.

### D. Plaintiff's Section 1681c(a)(4) Claim Is Legally Defective.

Simply put, Plaintiff's FAC makes no allegation that Equifax included the Ally Financial account in a consumer report to a third party, and, therefore, he fails to plead an essential element of a § 1681c(a)(4) claim. *See* ECF No. 15, at ¶¶ 55-59. Even if Plaintiff could argue that the Ally Financial account was included in a consumer report to a third party, his § 1681c(a)(4) claim would nonetheless fail as a matter of law. In his Response, Plaintiff contends that the Ally Financial account includes a derogatory rating on a repossessed account. *See* ECF No. 51, at p. 7. By its plain terms, § 1681c(a)(4) applies only to "[a]ccounts placed for ***collection or charged off to profit and loss*** . . . ." *See Perez v. Experian Info. Sols., Inc.*, No. CV1400138MWFFFMX, 2015 WL 12683795, at *4 (C.D. Cal. Jan. 13, 2015) ("The FCRA limits the length of time that CRAs are permitted to report adverse items of information."); § 1681c(a)(4) (emphasis added). Accordingly, Plaintiff's claim pursuant to § 1681c(a)(4) is simply inapplicable.

### E. Plaintiff Cannot Rely On His Conclusory Statements That Plaintiff Has Suffered "A Concrete Harm" To Satisfy The Required Element Of Pleading Actual Damages Or That Plaintiff Is Entitled To Statutory Or Punitive Damages.

Plaintiff's claims also fail because Plaintiff has not alleged a concrete injury based on the CRA Defendants' reporting. The Supreme Court made it clear in *Spokeo v. Robins* that not all inaccurate reporting results in an injury in fact that could support a claim. *Spokeo v. Robins*, 578 U.S. 330, 342 (2016) ("[N]ot all inaccuracies cause harm or present any material risk of harm."). The inaccuracy must have caused harm or created an "imminent and substantial risk" of future harm. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 436 (2021). And further, "in a suit for damages, the mere risk of future harm, standing alone, cannot qualify as a concrete harm—at least unless the exposure to the risk of future harm itself causes a *separate* concrete harm." *Id*. at 436 (emphasis in original). This is because the FCRA provides remedies only for consumers who are actually damaged by a

5

failure to comply with the FCRA. *Umar v. Equifax Info. Services LLC*, CV-24-00085-TUC-CKJ (LCK), 2024 WL 4665111, at *4 (D. Ariz. Apr. 9, 2024).

Here, Plaintiff has not alleged and cannot allege that he suffered the required injury because, as stated previously, the FAC only includes speculative, vague, non-specific allegations that fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Instead, Plaintiff offers nothing more than vague, purely speculative, and conclusory statements in his Response that he was denied housing by Divvy Homes and Maymont Homes and incurred temporary housing costs during the credit-denial period. *See* ECF No. 51, at p. 8. But Plaintiff does not, nor could he, allege without improper speculation that any adverse credit decisions were substantially based on the vaguely alleged and unspecified inaccuracies that may purportedly exist. Plaintiff's FAC does not allege any specific credit denials or the receipt of less favorable rates due to the CRA Defendants' alleged inaccurate reporting aside from his vague, non-specific allegations. *See* ECF No. 15. For these reasons, Plaintiff's FAC cannot stand and must be dismissed.

**F.  Leave to Amend Should Be Denied as Futile.**

This Court should not allow Plaintiff to amend his complaint second time because any further amendment would be futile. Plaintiff tosses out a smorgasbord of random seemingly impossible to decipher "facts" that supposedly show he could make the requisite allegations to survive a motion for judgment on the pleadings. *See* ECF No. 51 at pag 7-8. "An underdeveloped argument of this sort is waived." *Humphreys v. City of Coolidge*, CV-17-04045-PHX-DWL, 2019 WL 316240, at *2 (D. Ariz. Jan. 24, 2019). So, Plaintiff cannot allege any additional facts to demonstrate that the CRA Defendants' reporting of the Accounts was inaccurate. Therefore, Plaintiff's request for leave to amend should be denied.

**<u>CONCLUSION</u>**

Accordingly, for the reasons set forth herein, and in their Motion for Judgment on the Pleadings, the CRA Defendants respectfully request the Court grant their Motion,

6

325214100v.4

dismiss Plaintiff's First Amended Complaint, and grant all other relief as the Court deems appropriate.

DATED:  April 20, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By:  /s/ Ritika Singh
Ritika Singh, *Admitted Pro Hac Vice*
risingh@seyfarth.com
SEYFARTH SHAW LLP
2323 Ross Avenue, Suite 1660
Dallas, Texas  75201
Telephone:  (469) 608-6763

**Counsel for Defendant**
**Equifax Information Services LLC**


/s/ Marc F. Kirkland
Marc F. Kirkland
Arizona Bar No. 039859
mkirkland@qslwm.com
QUILLING SELANDER LOWNDS
WINSLETT & MOSER
5801 Tennyson Parkway, Suite 440
Plano, TX 75024
Telephone: (214) 560-5454
Facsimile: (214) 871-2111
**Counsel for Defendant Trans Union LLC**


/s/ Kate M. Geyer
Kate M. Geyer, AZ SBN 038901
Kate.geyer@troutman.com
100 Southwest Main St., Suite 1000
Portland, OR 97204
Telephone: 470.832.5588
Facsimile: 949.622.2739


**Counsel for Defendant Experian**
**Information Solutions, Inc.**

7

325214100v.4

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2026, I presented the foregoing DEFENDANTS' REPLY IN SUPPORT OF THEIR JOINT MOTION FOR JUDGMENT ON THE PLEADINGS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

 */s/ Ritika Singh*
Ritika Singh
*Counsel for Defendant*
*Equifax Information Services LLC*

CERTIFICATE OF SERVICE

325214100v.1

325214100v.4
199802944v1